# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **ORDER OF DETENTION PENDING REVOCATION HEARING** |
| v. | |
| **GRANT VAHOVICK** | Case Number: **1:06-pt-38, -39, -40** |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I – Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant pled guilty in state court to committing 3 assaults, while on supervised release in this court.

## Part II – Written Statement of Reasons for Detention

The defendant is charged with violations of his supervised release.  He waived his right to a detention hearing in open court with his attorney present, pending his revocation hearing, and therefore has failed to show by clear and convincing evidence that he is not likely to flee or pose a danger to the community.  18 USC § 3143(a); FRCrP 46(c).

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| Dated: _August 29, 2008_ | /s/ Hugh W. Brenneman, Jr. |
| | *Signature of Judicial Officer* |
| | Hugh W. Brenneman, Jr., United States Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).